```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF MISSISSIPPI
                       EASTERN DIVISION
```

ANTHA D. ROACH,                )
                               )
                               )
          Plaintiff,           )
                               )
vs.                            )    Case No. 1:08-cv-00068-DAS
                               )
MICHAEL J. ASTRUE,             )
COMMISSIONER OF                )
SOCIAL SECURITY,               )
                               )
          Defendant.           )

## ORDER OF REVERSAL AND REMAND

On motion of Michael J. Astrue, Commissioner of the Social Security Administration, pursuant to sentence six of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), this Court hereby remands the Commissioner's decision.

The ALJ in the case had essentially adopted the opinion of Plaintiff's treating physician, Dr. Bibighaus, in assessing Plaintiff's residual functional capacity. Therefore, the ALJ's residual functional capacity assessment had included limitations restricting squatting, kneeling, and crawling based on the doctor's opinion (Tr. 42-43). The ALJ further explained that the doctor had not opined that Plaintiff had any restrictions in bending or stooping, and his residual functional capacity therefore excluded those limitations (Tr. 42-43).

However, Plaintiff has now submitted a July 28, 2008, opinion from Dr. Bibighaus. Dr. Bibighaus's updated opinion stated that Plaintiff "has permanent restrictions [with] no

squatting, kneeling, crawling, or jumping. No bending or stooping." Because this new evidence appeared to relate to the proper time period, and might have changed the ALJ's decision, remand is necessary to reevaluate Plaintiff's limitations in light of the doctor's updated opinion. See Haywood v. Sullivan, 888 F.2d at 1471 (citing 42 U.S.C. § 405(g)) (discussing judicial review of new evidence under the Act); Castillo v. Barnhart, 325 F.3d 550, 551 (5th Cir. 2003). Under sentence six remand, this Court retains jurisdiction until the post-remand proceedings are completed and the Commissioner has filed the results with this Court. See Shalala v. Schaefer, 509 U.S. 292, 297 (1993).

SO ORDERED this 7th day of January, 2009.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE